**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANTS:

**RONALD K. SMITH**
Muncie, Indiana

APPELLEE PRO SE:

**DONALD BLAIR**
Eaton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SUNGOLD HOLDINGS. INC. | ) | |
| MIDWEST AUTO BODY, and | ) | |
| ROBERT H. GENTRY, III, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1207-MI-612 |
| | ) | |
| DONALD BLAIR, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |
| | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Thomas A. Cannon, Jr., Judge
Cause Nos. 18C05-1107-MI-93, 18C05-1107-MI-94 & 18C05-1107-MI-95

**April 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Sungold Holdings, Inc., Midwest Auto Body, and Robert H. Gentry, III (collectively, "the Objectors"), appeal the trial court's decision to issue tax deeds to Donald Blair[1] for three properties sold at a tax sale. The objectors contend that the trial court erred in finding that they failed to raise a proper objection to the tax sale. Finding that the trial court did not err, we affirm.

## Facts and Procedural History

On October 28, 2010, a tax sale was held, and three properties were sold by the Treasurer of Delaware County to the Delaware County Commissioners. On March 18, 2011, the Delaware County Commissioners transferred the tax-sale certificates to Blair. On July 25, 2011, Blair filed a petition directing the Auditor of Delaware County to issue tax deeds for the real estate to him, and the Objectors objected, arguing they did not receive proper notice of the tax sale and Blair was an ineligible purchaser because he owed delinquent taxes as of the date of purchase on three parcels of land.

A hearing was held, and the Objectors did not raise the issue of notice, admitting that they were no longer raising that issue as part of their objection. A witness from the Delaware County Auditor's Office also testified that according to the records received from the county treasurer, Blair did not owe delinquent taxes on the three parcels of land in question and was therefore eligible to participate in the tax sale. Tr. p. 34-38. The trial court entered findings of facts and conclusions of law, holding that even though it was no

---

[1] We note that Blair's pro se Appellee's Brief violates the Indiana Appellate Rules, as its Statement of Facts is numbered and not in narrative form. Ind. Appellate Rule 46(B); 46(A)(6)(c).

longer an issue, proper notice had been given as part of the tax sale and Blair was eligible to purchase the real estate at the tax sale.

The Objectors filed a motion to correct errors, which was denied. They now appeal.

**Discussion and Decision**

The Objectors contend that the trial court erred in denying their motion to correct errors. They make two arguments on appeal, which we restate as whether the trial court erred in finding (1) they failed to raise a proper objection to the tax sale pursuant to Indiana Code section 6-1.1-24-4.6 and (2) the sole remedy for forfeiting the tax sale was action by the county treasurer. Since we find that the Objectors did not raise a proper objection and Blair is an eligible purchaser of the properties, we need not address the argument concerning forfeiting the tax sale.

Because the trial court entered findings of fact and conclusions of law, we apply a two-tiered standard of review. *Mueller v. Karns*, 873 N.E.2d 652, 657 (Ind. Ct. App. 2007), *reh'g denied.* We determine first whether the evidence supports the findings and second whether the findings support the judgment. *Id.* We will not reverse the trial court's findings or the judgment unless clearly erroneous. Ind. Trial Rule 52(A); *Mueller*, 873 N.E.2d at 657. A finding is clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support it. *Id.* The judgment is clearly erroneous when it is unsupported by the findings and the conclusions. *Id.* In conducting this review, we neither reweigh evidence nor judge witness credibility and consider the evidence in a light that is most favorable to the judgment. *Id.* While we

defer to the trial court substantially on its findings of facts, we owe no deference to the trial court's conclusions of law, and we review them de novo. *Id.*

In their objections, the Objectors contended that proper notice was not given concerning the tax sale and the issuance of the tax deed and Blair was ineligible to purchase the property. Appellant's App. p. 24-26. The trial court, however, found that the issue of notice was not raised in the hearing on the objection and the Objectors had admitted that the question of notice was no longer part of their objection. *Id.* at 48. We agree, and therefore, the only surviving issue in the objection is whether Blair was eligible to purchase the land.

Indiana Code section 6-1.1-24-5.3 governs who is barred from purchasing land at a tax sale, and provides in relevant part:

> (a) This section applies to the following:
> \* \* \* \* \*
> > (5) A person who, in the county in which a sale is held under this chapter, owes:
> > > (A) *delinquent taxes*;
> > > (B) special assessments;
> > > (C) penalties;
> > > (D) interest; or
> > > (E) costs directly attributable to a prior tax sale;
> > on a tract or an item of real property *listed under section 1 of this chapter*.

(Emphasis added). The relevant portions of Indiana Code section 6-1.1-24-1 state:

> (a) On or after January 1 of each calendar year in which a tax sale will be held in a county and not later than fifty-one (51) days after the first tax payment due date in that calendar year, *the county treasurer (or county executive, in the case of property described in subdivision (2)) shall certify to the county auditor a list of real property on which any of the following exist*:

(1) In the case of real property other than real property described in subdivision (2), *any property taxes or special assessments certified to the county auditor for collection by the county treasurer from the prior year's spring installment or before are delinquent* as determined under IC 6-1.1-37-10 and the delinquent property tax or special assessments due exceed twenty-five dollars ($25).

\* \* \* \* \*

(b) The county auditor shall maintain a list of all real property eligible for sale. Except as provided in section 1.2 or another provision of this chapter, the taxpayer's property shall remain on the list. The list must:

(1) describe the real property by parcel number and common address, if any;
(2) for a tract or item of real property with a single owner, indicate the name of the owner; and
(3) for a tract or item with multiple owners, indicate the name of at least one (1) of the owners.

(Emphasis added).

The trial court found that Blair was an eligible purchaser because the Objectors provided no evidence that any parcels of his real estate were contained on the relevant certified list under Indiana Code section 6-1.1-24-1. Specifically, the witness from the Delaware County Auditor's office testified that according to their records received from the county treasurer, Blair did not owe delinquent taxes on the three parcels of land in question. Since there is no evidence that disqualifies Blair under the relevant Indiana Code sections, and the Objectors no longer raise the issue of notice, we find that the trial court did not err in holding that the Objectors have failed to raise a viable objection to the sale of the properties. As a result, Blair was eligible to purchase the properties, and we need not address the issue of remedies for forfeiting a tax sale.

5

We therefore affirm the trial court.

Affirmed.

KIRSCH, J., and PYLE, J., concur.